JUSTICE RICE
dissenting.
¶26 I concur with Justice Warner’s dissent and write to underscore the legal and logical disconnection between the Court’s reasoning and its reversal of the District Court. Even assuming the Board had received Dr. Baldwin’s renewal application, that receipt alone could not, and did not, renew Dr. Baldwin’s license, and did not justify Dr. Baldwin’s actions of practicing without a current license.
¶27 The Court fails to discuss the following conclusion of law, entered by the Board and affirmed by the District Court:
To practice chiropractic, a person must obtain a license. A license “expires” if not renewed on time. ... The prohibition of practicing without a license stated in Mont. Code Ann. § 37-12-301 applies to practice with no license, with an expired license, and with a terminated license. This conclusion is consistent with the description of Board Policy in the testimony of Board Administrator Smith and the first sentence of her letter (DE 1), which states, “Montana Code Annotated § 37-12-301 provides that it is unlawful to practice as a chiropractor without a current license.”
The Court does not reveal why it has excused Dr. Baldwin’s violation of the licensing statute, but the unstated implication from the opinion is that Dr. Baldwin is entitled to some kind of “equitable licensing” because the Board did not overcome the presumption that it received the renewal application, and, perhaps, because Dr. Baldwin telephoned the Board on August 17, 1998, to inquire about the time for filing of *194 her application. However, that is hardly the law.
¶28 The Board’s receipt of a renewal application is only “step one” of the license renewal process. After receipt, the application is then subject to (1) review for compliance with the form requirements of Rule 8.12.601(1) and (8), ARM; (2) review of the sufficiency of the applicant’s continuing education, which must be Board-approved and supported by affidavit pursuant to Rule 8.12.606(2), ARM; (3) a possible random audit to verify compliance with continuing education requirements, Rule 8.12.606(2), ARM; (4) compliance with the temporary requirement, effective between September 1,1997, and September 1, 2000, and applicable to Dr. Baldwin here, to demonstrate “successful completion of a professional boundary continuing education course” under Rule 8.12.606(3), ARM, separate and apart from the continuing education requirement; and (5) following Board review for compliance with the law and Board rules pursuant to Rule 8.12.601(4), ARM, any request by the Board for “additional information or clarification of information provided in the application as it deems reasonably necessary.” Thereafter, the Board will “notify the applicant in writing of the results of its evaluation of the application.” Rule 8.12.601(6), ARM (emphasis added). Obviously, the Board’s receipt of a license renewal application does not automatically entitle the applicant to a license renewal. An application must meet these requirements, and, after evaluation thereof, renewal can be approved. Thus, Dr. Baldwin’s challenge to the presumption of receipt does not compel reversal of the entire process.
¶29 Further, the Board found that Dr. Baldwin’s “practice of chiropractic ... on September 2,1998, without a current license was a violation of the rules” of professional conduct. The District Court found that Dr. Baldwin was aware of the Board’s duty to notify her of the results of its evaluation of her application, and that, despite this knowledge, continued to see patients after her license had expired. Nothing in the Court’s opinion changes this conclusion, or even addresses this central issue.
¶30 The Board noted Dr. Baldwin’s good faith in fashioning an appropriate remedy for Dr. Baldwin’s violation of the statute. As Justice Warner notes, we could debate the wisdom of the sanction which the Board elected to impose, but that is not the issue before us. The issue is compliance with the law, in which Dr. Baldwin failed. For its part, the Court has failed to demonstrate otherwise, and because of that, the District Court should be affirmed.
¶31 I dissent.